IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON BORGES,

    Plaintiff,

vs.

U.S. BANK,

    Defendant.

No. 2:12-cv-2427 TLN AC

<u>ORDER</u>

/

On April 24, 2013, the court held a hearing on plaintiff's March 19, 2013 motion to strike admissions. Michael Baitzke appeared for plaintiff. Michael Van Parys appeared for defendant. On review of the motion, the documents filed in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

                RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.    <u>Facts Giving Rise to Litigation</u>

This action was initiated on July 2, 2012 in the San Joaquin County Superior Court and removed to this court on September 25, 2012. Though the operative first amended complaint does not provide many facts, it appears plaintiff was employed by defendant in Lodi,

1

California where she was supervised by general manager Dennis Singh.  Plaintiff claims Singh subjected her to sexual discrimination and unwelcome sexual advances, resulting in a hostile work environment.  Plaintiff claims defendant was aware of Singh's propensity for improper and unlawful behavior because he was transferred to the Lodi Branch for similar conduct.

B.   Procedural Background

On November 29, 2012, Judge Mendez issued a pretrial scheduling order, setting December 11, 2013 as the discovery deadline.  Trial is set for June 2, 2014.

C.   Facts Giving Rise to Discovery Disagreement

On December 20, 2012, defendant served plaintiff with Requests for Admissions, a Notice of Deposition, and Request for Production of Documents.  At issue here are the Requests for Admissions, which consisted of only three requests:

(1) Admit that none of Defendant's employees sexually harassed Plaintiff;

(2) Admit that Defendant did not discriminate against Plaintiff;

(3) Admit that Plaintiff has suffered no injury because of the alleged misconduct
in Plaintiff's Amended Complaint.

On January 22, 2013, plaintiff requested a 10-day extension of time to respond to the propounded discovery.  See Email from Michael Babitzke, Pl.'s Counsel, to Joel Van Parys, Def.'s Counsel (Jan. 22, 2013) (Parys Decl., Ex. 2) ("Is it possible to have another 10 days to respond to the discovery in this matter?").  Defense counsel granted plaintiff until February 1, 2013 to respond.  See id.  Plaintiff, however, did not file a response until February 28, 2013 when she served her responses to the Request for Admissions and the Request for Production of Documents.

In light of plaintiff's failure to file a response to the Request for Admissions on or before February 1, 2013, defendant deemed the requests admitted pursuant to Federal Rule of Civil Procedure 36(a)(4).  Accordingly, on February 19, 2013, defendant moved for summary judgment on the basis of those admissions.

Plaintiff's counsel sent defense counsel a letter on March 8, 2013, and telephoned Parys and his partner, Jeremy Naftel, on March 19, 2013, asking to set aside the deemed admissions. Babitzke Supp. Decl. ¶¶ 2-4. Defendant did not respond.

On March 19, 2013, plaintiff filed the instant motion to withdraw admissions. Plaintiff argues that her failure to respond to the requests is based on a simple mistake stemming from her attorney's busy schedule and changes in his office personnel, resulting in the placement of the Requests for Admissions in a desk drawer, which were then forgotten. Defendant argues that plaintiff fails to offer a reasonable explanation for not serving timely responses, she fails to show that she has a strong case, and her failure has prejudiced defendant. The parties did not meet and confer on the instant dispute, in violation of Local Rule 251(b).

## DISCUSSION

With regards to requests for admission, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." See Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.; see also Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995) ("Two requirements, therefore, must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal.") "[A] district court's failure to consider these factors will constitute an abuse of discretion." Conlon v. United States, 474 F.3d 616, 625 (9th Cir. 2007).

However, Rule 36(b) is permissive – even if its two factors are satisfied (for withdrawing an admission), a court may still deny relief to withdraw the admissions. See, e.g.,

Conlon, 474 F.3d at 625 ("Therefore, when a district court finds that the merits of the action will be subserved and the nonmoving party will not be prejudiced, it 'may' allow withdrawal, but is not required to do so under the text of Rule 36(b).")  "[T]he district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." Id.

A.      Presentation of the Merits

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Conlon, 474 F.3d at 622 (citing Hadley, 45 F.3d at 1348).  "Thus, the question is not whether allowing the deemed admissions would have any effect on a trial on the merits of the case; it is whether it would eliminate the need to reach a trial on the merits at all." Carden v. Chenega Security & Protection Servs., LLC, 2011 WL 1344557, at *2 (E.D. Cal. Apr. 8, 2011).

In Conlon, the plaintiff alleged that the Parole Commission was negligent in issuing a warrant for his arrest resulting in his incarceration.  474 F.3d at 619.  In the course of discovery, the plaintiff failed to respond to the government's requests for admission.  Id. at 619-20.  The requests included solicitations to admit that the "issuance of the [ . . . ] warrant was not caused by any negligent or wrongful act or omission of any employee of the United States"; that the "arrest was not caused by any negligent or wrongful act or omission by any employee of the United States"; and that no portion of the incarceration "was caused by any negligent or wrongful act or omission of any employee of the United States." Id.  The Ninth Circuit held that the plaintiff satisfied the first prong of the Rule 36(b) analysis, because the government relied on these admissions in its subsequent motion for summary judgment, which was granted. Id. at 622.  In particular, the deemed admissions eliminated any need for presentation on the merits because, pursuant to Rule 36, plaintiff had "admitted that neither the issuing of the warrant, his arrest or his subsequent incarceration were caused by negligent or wrongful acts or omissions of United States employees." Id.

As in <u>Conlon</u>, there is little doubt here that the entirety of defendant's motion for summary judgment is premised on the deemed admissions. Also like <u>Conlon</u>, the admissions here amount to a complete concession that the cause of action lacks a factual or legal basis. Accordingly, the first half of the test in Rule 36(b) is satisfied because "upholding the admissions would practically eliminate any presentation of the merits of the case."

B.  <u>Prejudice</u>

Under the second prong of Rule 36(b), the party relying on the deemed admission has the burden of proving prejudice. <u>Conlon</u>, 474 F.3d at 622. "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to questions previously deemed admitted." <u>Id.</u> (internal citation omitted).

Here, defendant argues that it will be prejudiced if the admissions are withdrawn because of the three-month delay caused by plaintiff's failure to respond. According to defendant, this has resulted in (a) a diminished ability for witnesses to recall details, (b) less time overall for defendant to conduct discovery, and (c) difficulty in locating other witnesses. The court finds no merit to these arguments. The court is unconvinced that a mere three-month delay would result in a diminished ability to recall events or difficulty in locating witnesses. Indeed, at hearing defendant was unable to identify any specific witness who has forgotten details or become unavailable as the result of plaintiff's failure to timely deny the request for admissions. As to the need to conduct discovery, the court notes that discovery ends on December 11, 2013, leaving defendant with ample time to conduct further discovery. Only a short period of time lapsed as a result of plaintiff's mistake, leaving defendant with more than six months to conduct additional discovery. Therefore, the second prong of Rule 36(b) is also satisfied.

Accordingly, both Rule 36(b) factors suggest that plaintiff's motion should be granted.

5

C.   Other Factors

As discussed above, a court may deny relief even if Rule 36(b)'s two factors are satisfied. See, e.g., Conlon, 474 F.3d at 625. "[T]he district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." Id.

In this case, the court agrees with defendant that plaintiff has not shown good cause for the delay in responding to the Requests for Admissions. Plaintiff simply states that she failed to respond because of mistakes attributable to her attorney's busy schedule and changes in his office personnel. Counsel's professional negligence, however, is not a good excuse. Nevertheless, the tardy responses appear to be inadvertent, and plaintiff served responses only four weeks after the due date. Additionally, it is premature to consider the merits of plaintiff's case. There is therefore no factor strongly militating in favor of a departure from the two-prong Rule 36(b) analysis outlined above. Consequently, plaintiff's motion to withdraw the deemed admissions to Requests Nos. 1-3 will be granted.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's March 19, 2013 motion to strike admissions is granted.

DATED: April 24, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;borg2427.disc

6