1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   SHARON BORGES,

12          Plaintiff,                    No. 2:12-cv-2427 TLN AC

13      vs.

14   U.S. BANK,

15          Defendant.                    ORDER

16   _____/

17          On April 24, 2013, the court held a hearing on plaintiff's March 19, 2013 motion

18   to strike admissions.  Michael Baitzke appeared for plaintiff.  Michael Van Parys appeared for

19   defendant.  On review of the motion, the documents filed in support and opposition, upon

20   hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS

21   FOLLOWS:

22               RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

23   A.     Facts Giving Rise to Litigation

24          This action was initiated on July 2, 2012 in the San Joaquin County Superior

25   Court and removed to this court on September 25, 2012.  Though the operative first amended

26   complaint does not provide many facts, it appears plaintiff was employed by defendant in Lodi,

1

1  California where she was supervised by general manager Dennis Singh.  Plaintiff claims Singh

2  subjected her to sexual discrimination and unwelcome sexual advances, resulting in a hostile

3  work environment.  Plaintiff claims defendant was aware of Singh's propensity for improper and

4  unlawful behavior because he was transferred to the Lodi Branch for similar conduct.

5  B.        Procedural Background

6           On November 29, 2012, Judge Mendez issued a pretrial scheduling order, setting

7  December 11, 2013 as the discovery deadline.  Trial is set for June 2, 2014.

8  C.        Facts Giving Rise to Discovery Disagreement

9           On December 20, 2012, defendant served plaintiff with Requests for Admissions,

10  a Notice of Deposition, and Request for Production of Documents.  At issue here are the

11  Requests for Admissions, which consisted of only three requests:

12           (1) Admit that none of Defendant's employees sexually harassed Plaintiff;

13           (2) Admit that Defendant did not discriminate against Plaintiff;

14           (3) Admit that Plaintiff has suffered no injury because of the alleged misconduct

15           in Plaintiff's Amended Complaint.

16           On January 22, 2013, plaintiff requested a 10-day extension of time to respond to

17  the propounded discovery.  See Email from Michael Babitzke, Pl.'s Counsel, to Joel Van Parys,

18  Def.'s Counsel (Jan. 22, 2013) (Parys Decl., Ex. 2) ("Is it possible to have another 10 days to

19  respond to the discovery in this matter?").  Defense counsel granted plaintiff until February 1,

20  2013 to respond.  See id.  Plaintiff, however, did not file a response until February 28, 2013

21  when she served her responses to the Request for Admissions and the Request for Production of

22  Documents.

23           In light of plaintiff's failure to file a response to the Request for Admissions on or

24  before February 1, 2013, defendant deemed the requests admitted pursuant to Federal Rule of

25  Civil Procedure 36(a)(4).  Accordingly, on February 19, 2013, defendant moved for summary

26  judgment on the basis of those admissions.

1    Plaintiff's counsel sent defense counsel a letter on March 8, 2013, and telephoned

2  Parys and his partner, Jeremy Naftel, on March 19, 2013, asking to set aside the deemed

3  admissions.  Babitzke Supp. Decl. ¶¶ 2-4.  Defendant did not respond.

4    On March 19, 2013, plaintiff filed the instant motion to withdraw admissions.

5  Plaintiff argues that her failure to respond to the requests is based on a simple mistake stemming

6  from her attorney's busy schedule and changes in his office personnel, resulting in the placement

7  of the Requests for Admissions in a desk drawer, which were then forgotten.  Defendant argues

8  that plaintiff fails to offer a reasonable explanation for not serving timely responses, she fails to

9  show that she has a strong case, and her failure has prejudiced defendant.  The parties did not

10  meet and confer on the instant dispute, in violation of Local Rule 251(b).

11                                          DISCUSSION

12    With regards to requests for admission, "[a] matter is admitted unless, within 30

13  days after being served, the party to whom the request is directed serves on the requesting party a

14  written answer or objection addressed to the matter and signed by the party or its attorney."  See

15  Fed. R. Civ. P. 36(a)(3).  "A matter admitted under this rule is conclusively established unless

16  the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).

17  "[T]he court may permit withdrawal or amendment if it would promote the presentation of the

18  merits of the action and if the court is not persuaded that it would prejudice the requesting party

19  in maintaining or defending the action on the merits."  Id.; see also Hadley v. United States, 45

20  F.3d 1345, 1348 (9th Cir. 1995) ("Two requirements, therefore, must be met before an admission

21  may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the

22  party who obtained the admission must not be prejudiced by the withdrawal.")  "[A] district

23  court's failure to consider these factors will constitute an abuse of discretion."  Conlon v. United

24  States, 474 F.3d 616, 625 (9th Cir. 2007).

25    However, Rule 36(b) is permissive – even if its two factors are satisfied (for

26  withdrawing an admission), a court may still deny relief to withdraw the admissions.  See, e.g.,

1   Conlon, 474 F.3d at 625 ("Therefore, when a district court finds that the merits of the action will

2   be subserved and the nonmoving party will not be prejudiced, it 'may' allow withdrawal, but is

3   not required to do so under the text of Rule 36(b).")  "[T]he district court may consider other

4   factors, including whether the moving party can show good cause for the delay and whether the

5   moving party appears to have a strong case on the merits." Id.

6   A.      Presentation of the Merits

7            "The first half of the test in Rule 36(b) is satisfied when upholding the admissions

8   would practically eliminate any presentation of the merits of the case." Conlon, 474 F.3d at 622

9   (citing Hadley, 45 F.3d at 1348).  "Thus, the question is not whether allowing the deemed

10  admissions would have any effect on a trial on the merits of the case; it is whether it would

11  eliminate the need to reach a trial on the merits at all." Carden v. Chenega Security & Protection

12  Servs., LLC, 2011 WL 1344557, at *2 (E.D. Cal. Apr. 8, 2011).

13           In Conlon, the plaintiff alleged that the Parole Commission was negligent in

14  issuing a warrant for his arrest resulting in his incarceration.  474 F.3d at 619.  In the course of

15  discovery, the plaintiff failed to respond to the government's requests for admission. Id. at 619-

16  20.  The requests included solicitations to admit that the "issuance of the [ . . . ] warrant was not

17  caused by any negligent or wrongful act or omission of any employee of the United States"; that

18  the "arrest was not caused by any negligent or wrongful act or omission by any employee of the

19  United States"; and that no portion of the incarceration "was caused by any negligent or

20  wrongful act or omission of any employee of the United States." Id.  The Ninth Circuit held that

21  the plaintiff satisfied the first prong of the Rule 36(b) analysis, because the government relied on

22  these admissions in its subsequent motion for summary judgment, which was granted. Id. at 622.

23  In particular, the deemed admissions eliminated any need for presentation on the merits because,

24  pursuant to Rule 36, plaintiff had "admitted that neither the issuing of the warrant, his arrest or

25  his subsequent incarceration were caused by negligent or wrongful acts or omissions of United

26  States employees." Id.

4

1    As in <u>Conlon</u>, there is little doubt here that the entirety of defendant's motion for

2    summary judgment is premised on the deemed admissions.  Also like <u>Conlon</u>, the admissions

3    here amount to a complete concession that the cause of action lacks a factual or legal basis.

4    Accordingly, the first half of the test in Rule 36(b) is satisfied because "upholding the

5    admissions would practically eliminate any presentation of the merits of the case."

6    B.    <u>Prejudice</u>

7    Under the second prong of Rule 36(b), the party relying on the deemed admission

8    has the burden of proving prejudice.  <u>Conlon</u>, 474 F.3d at 622.  "The prejudice contemplated by

9    Rule 36(b) is not simply that the party who obtained the admission will now have to convince

10    the factfinder of its truth.  Rather, it relates to the difficulty a party may face in proving its case,

11    e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain

12    evidence with respect to questions previously deemed admitted."  <u>Id.</u> (internal citation omitted).

13    Here, defendant argues that it will be prejudiced if the admissions are withdrawn

14    because of the three-month delay caused by plaintiff's failure to respond.  According to

15    defendant, this has resulted in (a) a diminished ability for witnesses to recall details, (b) less time

16    overall for defendant to conduct discovery, and (c) difficulty in locating other witnesses.  The

17    court finds no merit to these arguments.  The court is unconvinced that a mere three-month delay

18    would result in a diminished ability to recall events or difficulty in locating witnesses.  Indeed, at

19    hearing defendant was unable to identify any specific witness who has forgotten details or

20    become unavailable as the result of plaintiff's failure to timely deny the request for admissions.

21    As to the need to conduct discovery, the court notes that discovery ends on December 11, 2013,

22    leaving defendant with ample time to conduct further discovery.  Only a short period of time

23    lapsed as a result of plaintiff's mistake, leaving defendant with more than six months to conduct

24    additional discovery.  Therefore, the second prong of Rule 36(b) is also satisfied.

25    Accordingly, both Rule 36(b) factors suggest that plaintiff's motion should be

26    granted.

5

1   C.      Other Factors

2           As discussed above, a court may deny relief even if Rule 36(b)'s two factors are

3   satisfied.  See, e.g., Conlon, 474 F.3d at 625.  "[T]he district court may consider other factors,

4   including whether the moving party can show good cause for the delay and whether the moving

5   party appears to have a strong case on the merits."  Id.

6           In this case, the court agrees with defendant that plaintiff has not shown good

7   cause for the delay in responding to the Requests for Admissions.  Plaintiff simply states that she

8   failed to respond because of mistakes attributable to her attorney's busy schedule and changes in

9   his office personnel.  Counsel's professional negligence, however, is not a good excuse.

10  Nevertheless, the tardy responses appear to be inadvertent, and plaintiff served responses only

11  four weeks after the due date.  Additionally, it is premature to consider the merits of plaintiff's

12  case.  There is therefore no factor strongly militating in favor of a departure from the two-prong

13  Rule 36(b) analysis outlined above.  Consequently, plaintiff's motion to withdraw the deemed

14  admissions to Requests Nos. 1-3 will be granted.

15          Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's March 19,

16  2013 motion to strike admissions is granted.

17  DATED: April 24, 2013.

18

19                                              ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE

20

21
    /mb;borg2427.disc
22

23

24

25

26

6